IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MICHAEL MEL CADY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 13-cv-1533 |
| | ) |
| SUPERIOR POOL PRODUCTS, LLC, | ) |
| | ) |
| Defendant, | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff's Motions to Quash Service of the Subpoenas Rule 45.07:  Protection of Persons Subject to Subpoena (d/e 32, 33, 34, 35, 36, 37) (collectively the "Motions").  Plaintiff Michael Mel Cady alleges that Defendant Superior Pool Products LLC (Superior) discriminated against him because of his disability, in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and the Illinois Human Rights Act, 775 ILCS 5/1-101et seq.  Amended Complaint of Employment Discrimination (d/e 21) (Amended Complaint). During discovery, Superior issued subpoenas (Subpoenas) to six former employers of Cady:  Alcast Company; ALTORFER POWER SYSTEMS;

C&L Construction & Roofing Co.; Club Fitness d/b/a/ Firehouse Pizza; Hoops Pub and Pizza; and Tri C Company, Inc. (collectively the Subpoenaed Entities).  The Motions seek to quash the Subpoenas.  For the reasons set forth below, the Motions are ALLOWED in part and DENIED in part.

BACKGROUND

The Subpoenas direct the Subpoenaed Entities to produce the following documents:

1. All Employment records of whatever kind or nature;
2. The entire personnel file and/or employment file;
3. All records pertaining to any physical examination performed at any time in connection with employment with your company;
4. All documents reflecting the rate of pay for all times during employment and the actual wages received during employment;
5. Documentation setting forth any days missed from work and the wages lost or sick leave lost or vacation leave lost as a result of missing that time;
6. All incident, accident or injury reports pertaining to any accidents, or any documentation of whatever kind or nature pertaining to any accidents on or off the job;
7. Employment application;
8. Documentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment;
9. Any and all documents reflecting any write-ups, written warnings or other disciplinary action; and
10. All documentation of whatever kind or nature related to his employment.

Motions, Exhibit 2, Exhibit "A" to the Subpoenas. Cady moves to quash the Subpoenas on the grounds that the Subpoenas are overly broad and burdensome, and that information regarding prior employment is irrelevant. Superior argues that the information is discoverable because the documents sought are reasonably calculated to lead to admissible evidence related to damages and credibility.

ANALYSIS

The scope of material that may be sought through a subpoena is as broad as the scope of discovery generally allowed in a civil proceeding. Thus, a subpoena may seek any non-privileged relevant information. Information is relevant for discovery purposes if the information sought appears reasonably calculated to lead to discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). The Court may quash a subpoena if the subpoena requires disclosure of privileged or otherwise protected matter, or subjects a person to an undue burden. Fed. R. Civ. P. 45(c)(3)(iii) & (iv). The party opposing discovery generally has the burden of proving that the requested discovery should be disallowed. Etienne v. Wolverine Tube, Inc., 185 F.R.D. 653, 656 (D. Kan. 1999); Golden Valley Microwave Foods, Inc. v. Weaver Popcorn Co. Inc., 132 F.R.D. 204, 207 (N.D. Ind. 1990); Flag

Fables, Inc. v. Jean Ann's Country Flags and Crafts, Inc., 730 F. Supp. 1165, 1186 (D. Mass. 1989).

In this case, Superior seeks employment records from Cady's past employers. Superior argues that the records are relevant to a possible after acquired evidence defense, calculation of damages, and credibility.

The after acquired evidence defense arises when a defendant employer uncovers (usually during discovery) evidence of some prior act by the plaintiff employee that would have caused the employer to subject the plaintiff to the adverse employment action that forms the basis of the claim (e.g., termination or refusal to hire). In such cases, the plaintiff's claim for some damages such as back pay may stop accruing on the date that the employer discovers this information, and other remedies such as reinstatement may not be available at all. McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 360-61 (1995).

Discovery of misrepresentations on a job application or resume may, in some instances, constitute evidence of wrongful conduct that would support an after acquired evidence defense. See e.g., Sheehan v. Donlen Corp., 173 F.3d 1039, 1047-48 (7th Cir. 1999) (after acquired evidence defense available if employer, in past practice, terminated employees for false statements on job applications); but cf. Cuff v. Trans States Holdings,

Inc., 768 F.3d 605, 609-10 (7th Cir. 2014) (after acquired evidence available if employer would have terminated this employee for wrongful conduct found in discovery regardless of how the employer treated other employees in the past). Information that would verify Cady's representations on his employment application would, thus, be reasonably calculated to lead to evidence that could be relevant to the after acquired evidence defense. See Graham v. Casey's General Stores, 206 F.R.D. 251, 255 (S.D. Ind. 2002).

Evidence of Cady's past employment may also be relevant to calculation of damages. Cady seeks front pay as a possible remedy. Amended Complaint, ¶ 13(g). An award of front pay is an alternative to reinstatement when reinstatement is not feasible. The remedy compensates for the additional earnings a plaintiff would have earned at his employment with that employer. Williams v. Pharmacia, Inc., 137 F.3d 944, 951-52 (7th Cir. 1998). Cady's employment history may be relevant to calculate these damages. See E.E.O.C. v. HBE Corp., 135 F.3d 543, 555 (8th Cir. 1998) (rapid turnover in the plaintiff's type of employment limited front pay to one year); Barbour v. Merrill, 48 F.3d 1270, 1280 (D.C. Cir. 1995) (amount of time plaintiff worked for a prior employer is relevant to front pay calculation). Superior states that Cady worked at Superior's

facility for less than three months before his termination.  <u>Defendant's Opposition to Plaintiff's Motions to Quash (d/e 44)</u>, at 1.  His past employment history may be relevant to determining the length of time he reasonably could have been expected to work for Superior had he not been so terminated.

Cady also generally seeks compensatory damages.  <u>Amended Complaint</u>, ¶ 13(g).  Compensatory damages in employment discrimination cases may include damages for lost future earnings.  Such damages compensate a plaintiff for a loss in earning potential due to Superior's discriminatory and retaliatory conduct.  <u>Williams</u>, 137 F.3d at 952.  Information about Cady's past earnings may be relevant to evaluate the value of the loss of earnings.

In addition, information indicating that Cady filed complaints, grievances, lawsuits or other charges against former employers may be relevant to show Cady's motive or state of mind in his actions leading up to his termination, his credibility with respect to those actions, and his modus operandi in dealing with his employers.  <u>Gastineau v. Fleet Mortgage Corp</u>., 137 F.3d 490, 495 (7th Cir. 1998); <u>see</u> <u>Graham</u>, 206 F.R.D. at 256.  Cady alleges that he was injured at work and Superior terminated him because of the injury and because he wanted to report the injury.  <u>Amended

Complaint, ¶ 11(j). Information that Cady filed similar complaints with other employers might be relevant to the issue of his motives, state of mind and credibility. Gastineau, 137 F.3d at 495.

Cady cites numerous cases in support of his request to quash the subpoenas. Most of them involve issues of admissibility at trial rather than whether the information is discoverable. See e.g., Zubulake v. UBS Warburg LLC, 382 F.Supp.2d 536, 539 (S.D.N.Y. 2005). The allowable scope of discovery is broader than the scope of evidence that may be admissible at trial. A party may discover information that is not admissible if the information is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). Thus, most of the cases cited by Cady are not on point. The only case cited on point was the Graham case discussed above. The Graham Court allowed the defendant employer to use subpoenas to conduct some limited discovery of the plaintiff's prior employers. Graham, 206 F.R.D. at 257.

The Graham Court noted that the Court needed to impose appropriate limits on discovery from former employers. The Graham Court quoted the Supreme Court's comments about the scope of discovery of former employers. Graham, 206 F.R.D. at 256. In upholding the after acquired evidence defense, the McKennon Court recognized that

defendant employers "might as a routine matter undertake extensive discovery into an employee's background or performance" to defend against employment discrimination claims. McKennon, 513 U.S. at 363. The McKennon Court acknowledged that this type of routine practice could become abusive. The McKennon Court stated that "the authority of the courts to . . . invoke the appropriate provisions of the Federal Rules of Civil Procedure will deter most abuses." McKennon, 513 U.S. at 363.

This Court must limit the scope of subpoenas to avoid imposing an undue burden on parties or the entity subject to the subpoena. Fed. R. Civ. P. 45(c)(3)(iii) & (iv). Superior has properly noted that information from prior employers is relevant under Rule 26 for discovery, but Superior has provided little or no information to indicate that a basis exist to believe that, in this particular case, the documents sought will contain admissible evidence or lead to admissible evidence. Superior has not indicated that it has a basis to believe that Cady made a material misrepresentation on his employment application, or that Cady has engaged in a pattern of feigning injuries in order to file spurious employment discrimination cases. Superior further has not shown a need to impose a burden on Subpoenaed Entities to provide information regarding Cady's income when that information

should be readily available from Cady through his income tax returns and related records.

Still, the scope of permitted discovery is broad and discovery rules should be liberally construed. Herbert v. Lando, 441 U.S. 153, 177 (1979); Jeffreys v. LRP Publications, Inc., 184 F.R.D. 262, 263 (E.D. Pa. 1999). Therefore, Superior should be allowed some discovery on these issues. The Court therefore will allow Superior to subpoena the following documents from the Subpoenaed Entities that employed Cady on or after January 1, 2010:

> Documentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment; and
>
> Any and all documents reflecting any write-ups, written warnings or other disciplinary action.

Superior set forth these two items in paragraphs 8 and 9 of the Attachment A to the Subpoenas, quoted above. This information will allow Superior to test whether Cady misrepresented the most recent, and so most relevant, information on his employment application, while limiting the burden on the Subpoenaed Entities to produce voluminous information. The Court would have directed the Subpoenaed Entities to produce documents related to grievances, complaints, and claims filed by Cady, but

the original list of documents sought by the Subpoenas, quoted above, did not seek such information.

The temporal limitation to Subpoenaed Entities that employed Cady on or after January 1, 2010, provides a reasonable balance of Superior's need for information and the burden of the Subpoenaed Entities to dig through years and years of records. Superior states that Cady worked at Superior's facility for less than three months. <u>Defendant's Opposition to Plaintiff's Motions to Quash (d/e 44)</u>, at 1. Allowing discovery back to January 1, 2010, will allow Superior to discover more than two years of relevant employment information.

If the subpoenaed documents provide a basis to believe that the Subpoenaed Entities would have more discoverable information (for example, evidence that Cady made material misrepresentations on his employment application), then Superior may request leave to issue supplemental subpoenas to the Subpoenaed Entities.

The Court does not allow Superior to subpoena information about Cady's income or earnings at this time because that information should be available from Cady's income tax returns and related documents. If Cady will not cooperate in authorizing Superior to secure a copy of that

information from the Internal Revenue Service, then Superior may renew its request for authority to subpoena that information from his prior employers.

The Court also does not allow Superior to subpoena information about Cady's health or physical condition from his former employers. Superior should be able to secure that information in a more complete form by seeking discovery of Cady's medical records directly.  See e.g., Graham, 206 F.R.D. at 256.

WHEREFORE Plaintiff's Motions to Quash Service of the Subpoenas Rule 45.07:  Protection of Persons Subject to Subpoena (d/e 32, 33, 34, 35, 36, 37) are ALLOWED in part and DENIED in part.  On or before December 19, 2014, the entities served with the Subpoenas:  Alcast Company; ALTORFER POWER SYSTEMS; C&L Construction & Roofing Co.; Club Fitness d/b/a/ Firehouse Pizza; Hoops Pub and Pizza; and Tri C Company, Inc. (collectively the Subpoenaed Entities) are directed to provide the following documents if such Subpoenaed Entity employed Cady on or after January 1, 2010:

> Documentation pertaining to hire date, termination date, the reason for termination and the dates and/or reasons for any lay off during employment; and
>
> Any and all documents reflecting any write-ups, written warnings or other disciplinary action.

If a Subpoenaed Entity employed Cady before January 1, 2010, and on or after January 1, 2010, the Subpoenaed Entity shall provide responsive documents for the entire term of Cady's employment with the Subpoenaed Entity. The Subpoenas are otherwise quashed.

ENTER: November 18, 2014

_s/ Tom Schanzle-Haskins_
UNITED STATES MAGISTRATE JUDGE
