IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| MICHAEL MEL CADY, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1533 |
| SUPERIOR POOL PRODUCTS, | ) |
| Defendant. | ) |

## OPINION

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Michael Mel Cady's Amended Motion to Compel Production (d/e 59) (Motion to Compel) and Amended Motion for Extension of Discovery Deadline (d/e 60) (Motion to Extend) (collectively the Motions). For the reasons set forth within, the Motion to Compel is ALLOWED in part, and the Motion to Extend is ALLOWED.

## BACKGROUND

Cady worked for Superior Pool Products, LLC (Superior) at its Morton, Illinois, facility (Morton Facility) from approximately April 4, 2012 until June 29, 2012. Second Amended Complaint, attached Charge of Discrimination. Cady alleges that Defendant Superior discriminated and retaliated against him because of his disability when Superior fired him on

June 29, 2012. Cady alleges a violation of the Americans with Disabilities Act (ADA) and the Illinois Human Rights Act (Illinois Act). <u>Second Amended Complaint (d/e 24)</u>, ¶¶ 11(b),(g), and (j); 42 U.S.C. § 12101; 775 ILCS 5/1-103(I), and 10-102(A).

Cady filed the action pro se on November 13, 2013. The Court appointed counsel for Cady on December 12, 2014. <u>Text Order entered December 12, 2014</u>. The Court gave Cady's new counsel time to review the status of the case, including the then pending motions. <u>Text Order entered December 12, 2014</u>. Cady's newly appointed counsel filed the Motions to amend the pro se motions that were then pending. The Court addresses each Motion separately.

<u>Motion to Compel</u>

The Motion to Compel seeks production of four sets of additional documents. Cady first seeks R.F. Gun logs at the Morton Facility from April 1, 2012, through July 30, 2012. Superior has produced R.F. Gun logs from April 1, 2012 through June 30, 2012, but objects to producing R.F. Gun logs for the month of July 2012. Superior objects on relevance grounds. The objection is overruled. Relevance in discovery is intentionally broad and includes documents that may be reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26(b)(1). The request for an

additional month's documents is limited and may lead to additional information.  Superior is directed to produce the additional documents.

Cady's second and third requests concern safety equipment at the Morton Facility.  The requests seek documents reflecting (a) all safety equipment provided to employees for the Morton Facility from April 1, 2012, "through current;" and (b) all safety equipment purchased for the Morton Facility from April 1, 2012, "through current."  The requests literally asked for all such equipment, but the Motion to Compel clarifies that Cady seeks documentation of the safety equipment provided and purchased.  See Motion to Compel, ¶¶ 8, 10.

Superior again objects on relevance grounds.  Superior argues that safety equipment is not relevant to Cady's claim that Superior discriminated against Cady because of his disability and retaliated against Cady because he exercised his rights under the ADA or the Illinois Act.  The Court agrees.  Cady stated that he seeks this information to analyze the safety measures in place at the Morton Facility.  Cady fails to explain how information about safety equipment or safety measures is reasonably calculated to lead to relevant admissible evidence of disability employment discrimination or retaliation.   Superior's objection is sustained at this time.

The Court notes, however, that Cady also has pending before the District Court an Amended Motion for Leave to File Third Amended Complaint (d/e 61). The proposed third amended complaint would include a supplemental state law claim for a workers compensation whistle blower claim. Id., ¶¶ 2, 4. The provision of safety equipment at the Morton Facility could be relevant to that claim if the amendment is allowed. The Court, therefore, gives leave to renew this portion of the Motion to Compel if the District Court allows the Amended Motion for Leave to File Third Amended Complaint.

Cady's last request seeks "all personnel files for employees at/or used to be at the Morton location only from April 1, 2012 through current." Motion to Compel, ¶ 12. Superior objects on relevance grounds and because the production would unduly burden other employees by disclosing confidential information. Superior also argues that the request is moot because Superior has already produced all employee disciplinary records for the Morton Facility from April 2012 through June 2012.

The objection is overruled in part. Superior is directed to produce personnel records for employees who were employed at the Morton facility during any portion of the time period from April 1, 2012, through March 31, 2013. The records of other employees may lead to relevant evidence of

disparate treatment due to disability.  The disciplinary records that Superior had already produced are not sufficient because evidence of disparate treatment may or may not appear as a disciplinary record.  The Court limits the time frame to one year to reduce the burden on Superior's other employees from the request while still providing Cady with a sufficient amount of information from which to discover admissible evidence.

      Superior's concerns about employee privacy are clearly legitimate.  The parties and their attorneys are, therefore, directed to keep Superior personnel records confidential and not to disclose any information in any of the personnel records to anyone other than the parties and their attorneys except as is necessary to litigate this case.  Counsel for Cady is directed to return the personnel record documents, and all copies, to counsel for Superior within sixty days after the date that the order or judgment disposing of this case becomes final and non-appealable.

<u>Motion to Extend</u>

      Cady asks for a thirty-day extension to subpoena documents from the Illinois Department of Employment Security (IDES).  Superior notes that Cady's request comes after discovery has closed in this case.  Cady, therefore, must first show good cause for modifying the Scheduling Order (d/e 22) before seeking leave to extend discovery.  Fed. R. Civ. P. 16(b)(4);

Local Rule 16.2(D).  The Court finds good cause in this case.  Cady's newly appointed counsel has had very limited time to familiarize herself with this case and to prepare the amended motions.  The Court finds that counsel reasonably needs the extension to represent her new client properly.  The Court finds that interest of justice in providing adequate representation constitutes good cause under the facts and circumstances of this case.

The Court further allows the Motion.  Counsel is given the requested thirty days to subpoena the material from the IDES.  Counsel does not need leave of Court to issue the subpoena.  She may do so as attorney for Cady.  Fed. R. Civ. P. 45(a)(3).  The Local Rules only require a pro se party to secure an order from the Court directing the Clerk to issue a subpoena.  Local Rule 45.1.

Superior argues that the extension would unduly delay and prejudice Superior.  The Court disagrees.  A thirty-day extension of time is quite limited and should not unreasonably delay this matter.  Superior also argues that an Illinois statute, 820 ILCS 405/1900, protects the documents sought from either disclosure or use at trial.  Superior fails to explain how an Illinois statute will control this Court's authority under federal law to order the production of documents and to determine the use of documents

in this Court.  The statutory objection is also more properly raised at the election of the IDES.  The Court is confident that counsel for the IDES will raise this claim if it is colorable in federal court and will provide appropriate authority.

THEREFORE Plaintiff Michael Mel Cady's Amended Motion to Compel Production (d/e 59) is ALLOWED in part, and his Amended Motion for Extension of Discovery Deadline (d/e 60) is ALLOWED.  Defendant Superior Pool Products, LLC, is directed to produce the additional documents as set forth above by April 17, 2015.  The discovery deadline is also modified to give Plaintiff Michael Mel Cady an extension of time until April 20, 2015, to subpoena documents from the Illinois Department of Employment Security as described in the Motion to Extend.

ENTER:   March 17, 2015

     *s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE