IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MICHAEL MEL CADY, | ) |
| Plaintiff, | ) |
| v. | ) No. 13-cv-1533 |
| SUPERIOR POOL PRODUCTS, | ) |
| Defendant. | ) |

**OPINION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Michael Mel Cady's Motion to Compel Production of Documents not Produced by Pool Corp., LLC. In Response to Judges Order on First Motion to Compel Discovery Order (d/e 86) (Motion 86), and Cady's Plaintiff Motion the Court to Grant Plaintiff to File Two Motions to Compel Under Sealed Ordered by Court (d/e 88) (Motion 88) (collectively Cady Motions); and Defendant Superior Pool Products LLC's (Superior Pool) Motion to Strike/Seal and for Sanctions (d/e 90) (Superior Pool Motion). The Court previously ordered Motion 88 and its attachments sealed. Text Order entered September 10, 2015. The portion of the Superior Pool Motion that asks to strike or seal

Motion 88, thus, is moot. For the reasons set forth below, the remainder of the Superior Pool Motion and the Cady Motions are DENIED.

BACKGROUND

Cady worked for Superior Pool Products, LLC (Superior) at its Morton, Illinois, facility (Morton Facility) from approximately April 4, 2012 until June 29, 2012. Second Amended Complaint, attached Charge of Discrimination. Cady alleges that Defendant Superior discriminated and retaliated against him because of his disability when Superior fired him on June 29, 2012. Cady alleges a violation of the Americans with Disabilities Act (ADA) and the Illinois Human Rights Act (Illinois Act). Second Amended Complaint (d/e 24), ¶¶ 11(b),(g), and (j); 42 U.S.C. § 12101; 775 ILCS 5/1-103(I), and 10-102(A).

Cady filed the action pro se on November 13, 2013. The Court appointed attorney Linda Watson as counsel for Cady on December 12, 2014. Text Order entered December 12, 2014. Attorney Watson filed an Amended Motion to Compel Production (d/e 59). This Court ordered Superior Pool to produce certain personnel records from the Morton Facility:

> Superior is directed to produce personnel records for employees who were employed at the Morton facility during any portion of the time period from April 1, 2012, through March 3,

> 2013. The records of other employees may lead to relevant evidence of disparate treatment due to disability.

Opinion entered March 17, 2015 (d/e 66) (Opinion 66), at 4-7.  The Court subjected those records to a protective order:

> Superior's concerns about employee privacy are clearly legitimate.  The parties and their attorneys are, therefore, directed to keep Superior personnel records confidential and not to disclose any information in any of the personnel records to anyone other than the parties and their attorneys except as is necessary to litigate this case. Counsel for Cady is directed to return the personnel record documents, and all copies, to counsel for Superior within sixty days after the date that the order or judgment disposing of this case becomes final and non-appealable.

Id., at 5.

Superior Pool was required to comply with Opinion 66 by April 17, 2015.  Opinion 66, at 7.  On April 16, 2015, Gregory Rouchell, counsel for Superior Pool, sent the document production to Cady's appointed attorney Linda Watson.  Rouchell stated in the transmittal letter that the production included "copies of all employee personnel files (Highly Confidential Bates Nos. 000001-000784)."  Defendant's Opposition to Plaintiff's Motion for Status conference, Motion for court Appointed counsel, Motion for Subpoena, and Motion to Compel (89) (Response), Exhibit A, Letter dated April 16, 2015 from Gregory Rouchell to Linda Watson.

On August 4, 2015, attorney Watson was allowed to withdraw from this case. <u>Order entered August 4, 2015 (78)</u>. On August 18, 2015, Cady filed a series of motions pro se. The Motions were stricken because Cady did not sign the motions or include a certificate of service. <u>Text Order entered August 20, 2015</u>. On August 24, 2015, Cady filed Motion 86. On September 8, 2015, Cady filed Motion 88.

The Cady Motions claim that Superior Pool did not produce all of the records that the Court ordered to be produced. The Cady Motions specifically claim that Superior Pool did not produce forms used to rate an employee's job performance. The forms are referred to as Teleo Reports. Superior Pool stated in a proceeding before the Illinois Department of Labor that it stopped using Teleo Reports in 2011, but its Morton Facility manager prepared a partial form for an employee named Adam Elliott in 2013. <u>Motion 86</u>, at 2. Superior Pool states that the Teleo form for Adam Elliott in 2013 was not completed and was not part of Elliott's personnel file. <u>Response</u>, Exhibit B, <u>Letter dated February 6, 2015, from Superior Pool to Adam Elliott</u>. Cady has produced three Teleo Reports for three other employees dating from 2013 that were in the personnel files produced by Superior Pool. <u>Supplemental Documents Filed Under Seal (d/e 96)</u>.

In response, Superior Pool has produced a declaration from Edward Eschbach, the branch manager of the Morton Facility. Eschbach states under penalty of perjury that Superior Pool generally stopped using Teleo Reports in 2011. He further states that "To the extent that any Teleo Reports were generated for any employees at [the Morton Facility] after 2011, such reports were prepared by me on my own accord and not pursuant to any company-wide policy, requirement or directive." Defendant's Response to Plaintiff's Sealed Document (D/E 96), Exhibit A, Declaration of Edward Eschbach dated October 8, 2015 (Eschbach Declaration), ¶ 8. Eschbach also stated that he conducted a search of the records at the Morton Facility and found "no other Teleo Reports for Cady or any other employees other than what has already been included in the employees' personnel files that are maintained at corporate headquarters in Covington, Louisiana." Id., ¶ 9.

## ANALYSIS

Superior Pool first asks the Court to deny Cady Motions as untimely and because Cady did not certify that he made a good faith effort to meet and confer with Superior Pool to resolve the dispute without resort to court action. The Cady Motions seek relief for Superior Pool's alleged failure to comply with Opinion 66. As such, the Cady Motions are governed by Rule

37(b). Fed. R. Civ. P. 37(b). Rule 37(b) does not require a certification of a good faith effort to meet and confer. The Cady Motions are not barred on this ground.

The Cady Motions are, however, untimely. This Court ordered the parties to file any motions related to discovery within sixty (60) days of the event that is the subject of the Motion. Scheduling Order entered May 22, 2014 (d/e 22), ¶ 5. This Court ordered Superior Pool to produce the additional documents by April 17, 2015. Opinion 66, at 7. If Superior Pool failed to comply with Opinion 66, Cady should have filed his motion within sixty days of that date, or June 16, 2015. The Motion is untimely.

Cady indicates that he was delayed in filing the Cady Motions because his appointed counsel refused to file them. See Motion 86, at 2. After attorney Watson withdrew, Cady acted promptly to attempt to file and ultimately file the Cady Motions. In light of Cady's dispute with his appointed counsel, the Court in its discretion will consider the Cady Motions on the merits. In the future, however, the parties will be required to comply with the Scheduling Order.

Cady asks the Court to order Superior Pool to produce the Teleo Reports that were produced after 2011 for employees at the Morton Facility. The manager of that facility Edward Eschbach has stated under

penalty of perjury that he has searched the records at the Morton Facility and no Teleo Reports exist other than the ones in the personnel files kept at Superior Pool's headquarters.  Superior Pool produced the personnel files for the Morton Facility.  Based on this information, the Court does not find a failure to comply with Opinion 66.

Cady argues that additional documents must exist in the personnel files of the Morton Facility employees, particularly documents from the personnel files of the Branch Manager Eschbach and his wife and son who Cady states also worked at the Morton Facility.  <u>Motion 88</u>, attached <u>Plaintiff's Motion to Compel Production of Documents Not Produced by Pool Corp., LLC. In Response to Judges' Order on First Motion to Compel Discovery Order</u>, ¶¶ 2-5.  Cady presents no evidence to support his contention.  Cady's speculation is not sufficient to support his claim that Superior Pool did not comply with Opinion 66.

Much of the rest of the Cady Motions argue substantive issues related to his claims rather than a failure to comply with Opinion 66.  These arguments do not relate to a discovery dispute.  Cady has failed to show that Superior Pool violated Opinion 66.  The Cady Motions are denied.

Superior Pool asks the Court to sanction Cady for filing confidential documents on the public record.  Cady filed on the public record personnel

records produced by Superior Pool pursuant to Opinion 66. This Court ordered in Opinion 66 that those documents should not be disclosed. Cady should not have put those documents on the public record. The Court in its discretion, however, will not impose a sanction at this time. Cady is now appearing pro se. Cady has subsequently been more careful and has filed such documents under seal. See Plaintiff Motion for Guidance (d/e 93); Text Order entered September 23, 2015; Supplemental Documents Filed Under Seal (d/e 96). It appears Cady has learned to comply with the protective order in Opinion 66. The Court will not sanction him at this time for this violation.

Superior Pool also asks the Court to sanction Cady for filing the Cady Motions without first attempting to meet and confer with its counsel to resolve the matters without resort to court action. Cady was seeking to enforce Opinion 66. He was not required to meet and confer before seeking to enforce the Opinion 66. Fed. R. Civ. P. 37(b). Superior Pools' request for sanctions is denied.

THEREFORE Plaintiff Motion to Compel Production of Documents not Produced by Pool Corp., LLC. In Response to Judges Order on First Motion to Compel Discovery Order (d/e 86); Plaintiff Motion the Court to Grant Plaintiff to File Two Motions to Compel Under Sealed Ordered by

Court (d/e 88) (Motion 88); and Defendant's Motion to Strike/Seal and for Sanctions (d/e 90) are DENIED.

ENTER: October 14, 2015

*s/ Tom Schanzle-Haskins*
UNITED STATES MAGISTRATE JUDGE